IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NORRIS NOLAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| J. A. KELLER, | : | CIVIL ACTION NO. |
| Warden, U.S.P. Atlanta, | : | 1:10-CV-3490-TWT-GGB |
| Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

Petitioner, Christopher Norris Nolan, has submitted this federal habeas corpus petition in which he seeks to challenge his armed-career-offender classification in his 1996 conviction in this Court, United States v. Nolan, No. 1:96-CR-0236-WBH-1 (N.D. Ga. Sept. 6, 1996) (hereinafter "Nolan"). (Doc. No. 1.)

**I.    Discussion**

Petitioner was charged by criminal information, in 1:96-CR-0236, with one count of motor vehicle theft, in violation of 18 U.S.C. § 2119, and one count of unlawful transport of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(e).[1]

---

[1] The Armed Career Criminal Act (ACCA), § 924(e), requires a minimum 15-year sentence for a defendant with three prior convictions for a violent felony or serious drug offenses.

Information, Docket Entry 1, Nolan.  The government gave notice that § 924(e) penalty provisions applied based on Petitioner's conviction for involuntary manslaughter and his two convictions for serious drug offenses.  Notice, Docket Entry 4, Nolan.  Petitioner pleaded guilty to both counts and expressly waived "any and all rights conferred by 18 U.S.C. § 3742 to appeal his sentence[,] . . . the right to appeal his sentence on any other ground[,] and . . . the right to attack his sentence in any post-conviction proceeding."  Negotiated Plea, Docket Entry 6, Nolan.  Petitioner reserved the right to appeal only an "upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG §4A1.3 (from criminal history) or §5K2.0 (from offense level)."  Id.  At the plea hearing, the prosecutor stated that Petitioner had gone on a crime spree (two robberies involving the threatened use of a gun and three attempted carjackings), and that, when he agreed to plead guilty, they negotiated a plea to a two count information.  Plea Transcript at 2-3, Nolan.  The prosecutor stated that Petitioner's prior felony convictions – involuntary manslaughter conviction and aggravated drug convictions – qualified him as an armed career criminal under § 924(e), and that Petitioner had entered into an appeal waiver, with an exception for an upward departure.  Id. at 4.  At the hearing, it was clarified to the satisfaction of all

2

parties that Petitioner had been served by separate notice regarding his enhanced punishment under the career offender statute and that, under the appeal waiver, that enhancement would not be subject to appeal.  Id. at 19-21.[2]  The Court accepted Petitioner's plea, and in a Judgment entered in September 1996, sentenced Petitioner to a 262-month term of imprisonment on Count Two and a 180-month concurrent term on Count One.  See Judgment, Docket Entry 8, Nolan.

Petitioner filed a direct appeal, asserting that his guilty plea was invalid because the district court did not comply with Rule 11.  See Opinion, Docket Entry 17, Nolan.  On October 19, 1998, the Eleventh Circuit Court of Appeals considered Petitioner's appeal waiver and found that, although "[Petitioner] waived his right to appeal all sentencing issues except the imposition of an upward departure from the Sentencing Guidelines[,]" he was not precluded from appealing the validity of his guilty plea, and then found that the plea was valid and enforceable.  Id. at 8-9 and n.5.

In 1999, Petitioner filed a 28 U.S.C. § 2255 motion, which the Court denied.  See Order, Docket Entry 26, Nolan.  Since that time, in his criminal case, the Court has

---

[2] The Court informed Petitioner that he was "giving up [his] right to appeal [his] sentence" and clarified that enhanced punishment under the career offender statute "would not be the kind of matter" that could be appealed.  Id.  Counsel for Petitioner stated, "I think this is correct."  Id. at 21.

3

denied Petitioner's motion for re-sentencing, motion for reduction of sentence, successive § 2255 motion, and motion pursuant to Fed. R. Civ. P. 60(b).  Orders, Docket Entries 42, 48, 50, 53, Nolan.

In this 28 U.S.C. § 2241 petition, Petitioner again seeks to challenge his 1996 sentences.  (Doc. No. 1.)  Petitioner contends that he is actually innocent of being an armed career offender and his sentence should not have been enhanced.  (Id. at 1.) Petitioner argues that his Georgia conviction for manslaughter does not qualify as a crime of violence and relies on three cases: Begay v. United States, 553 U.S. 137, 148 (2008) (holding that driving under the influence of alcohol does not qualify as a crime of violence under the ACCA, U.S.C. § 924(e)(1)); Gilbert v. United States, 609 F.3d 1159, 1165-67 (11th Cir.) (holding that, under Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999), § 2241 review (1) was available for a "claim of unlawful sentence enhancement based on a non-qualifying prior conviction" when circuit law had foreclosed petitioner from raising his claim earlier and (2) was available for petitioner's career offender classification under the guidelines, U.S.S.G. § 4B1.1); vacated for rehearing en banc, 625 F.3d 716 (11th Cir. Nov. 3, 2010); and United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (applying Begay to determine

4

that carrying a concealed weapon is not a crime of violence that warrants career-offender sentencing under U.S.S.G. § 4B1.1 and 2).

Section 2241 of Title 28 gives this Court general authority to issue a writ of habeas corpus to a person detained "in violation of the Constitution or laws or treaties of the United States." A federal prisoner may use § 2241 to challenge his federal conviction/sentence only if 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Wofford, 177 F.3d at 1243-44.[3] Notwithstanding, a challenge to a § 924(e) sentencing enhancement is barred by a valid sentence appeal waiver. See United States v. Adkins, _ F.3d _, 2011 WL 1364476, at *1-2 (8th Cir. Apr. 12, 2011) ("The applicability of sentencing enhancements under the Guidelines and predicate felonies under the ACCA are sentencing issues" that are waived by a valid sentence appeal waiver); United States v. Allicock, 217 F. App'x 915, 916, 918-19 (11th Cir. 2007) (affirming, and determining, on appeal from conviction and sentence under §§ 922(g) and 924(e), that valid sentence appeal waiver

---

[3] The inadequate or ineffective exception (§ 2255's "savings clause") applies to a claim "when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244.

waives the right to appeal sentence enhancement under § 924(e)). A valid sentence appeal waiver remains valid, even for issues of substantive merit based on United States Supreme Court case law decided after agreement to a waiver. United States v. Burns, 433 F.3d 442, 450-51 n.8 (5th Cir. 2005); United States v. Rubbo, 396 F.3d 1330, 1332 (11th Cir. 2005) (holding that valid appeal waiver foreclosed argument that relied on intervening decision by the United States Supreme Court).

A sentence appeal waiver is enforceable if "'either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citing United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Here, during the plea hearing, the prosecutor emphasized that Petitioner had waived the right to appeal his sentence, and Petitioner informed the Court that he had read each and every paragraph of his plea agreement, which included the waiver. Further, this Court specifically informed Petitioner that he was "giving up [his] right to appeal [his] sentence" and clarified that enhanced punishment under the career offender statute "would not be the kind of matter" that could be appealed. Plea

6

Transcript at 19, 21, Nolan. Although the Court informed Petitioner rather than questioned him in regard to the appeal waiver, Petitioner raised no objection. Additionally, although the Eleventh Circuit Court of Appeals did not explicitly discuss the validity of Petitioner's appeal waiver (as opposed to his guilty plea generally), it directly stated, "[Petitioner] waived his right to appeal all sentencing issues except the imposition of an upward departure from the Sentencing Guidelines[,]" found that the waiver did not preclude Petitioner from challenging his guilty plea, and concluded that his plea was voluntary. See Opinion at 8-9 and n.5, Docket Entry 17, Nolan. Based on the record, it is apparent that Petitioner fully understood the waiver and that it is valid. Petitioner has, thus, waived the right to collaterally challenge his § 924(e) sentencing enhancement, and this petition should be denied and dismissed. I do not address a certificate of appealability because Petitioner is a federal prisoner proceeding under § 2241, and he is not required to seek a certificate of appealability before filing an appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

## II. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that the petition for a writ of habeas corpus (Doc. No. 1) be **DENIED** and that this action be **DISMISSED**.

AO 72A (Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED**, this 6th day of May, 2011.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)